IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EZEKIEL BOUND;
REX BOUND, individually and as
parent of Ezekiel Bound; and
WENDY BOUND, individually and
as parent of Ezekiel Bound,

        Plaintiffs,

v.                           CIVIL ACTION NO. 1:19CV39
                                   (Judge Keeley)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
a foreign corporation; and
JENNY GARTON INSURANCE AGENCY, INC.,
a West Virginia corporation,

        Defendants.

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]

Pending before the Court are motions to remand and stay
proceedings filed by the plaintiffs, Ezekiel Bound, Rex Bound, and
Wendy Bound (collectively, "the Bounds") (Dkt. Nos. 8, 9), and a
motion to dismiss filed by the defendant, Jenny Garton Insurance
Agency, Inc. ("Garton") (Dkt. No. 6). Because Garton was
fraudulently joined, the Court **DENIES** the Bounds' motion to remand
(Dkt No. 9) and **DISMISSES** their claims against Garton **WITHOUT
PREJUDICE.** Further, it **DENIES AS MOOT** the Bounds' motion to stay
proceedings and Garton's motion to dismiss (Dkt Nos. 6, 8).

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]

## I. BACKGROUND

**A.    The Facts[1]**

Since at least September 1996, the Bounds have purchased automobile insurance from State Farm Mutual Automobile Insurance Co. ("State Farm") through Garton, a local insurance agency that provides insurance-related services exclusively for State Farm. As of November 2016, the Bounds had six active State Farm automobile insurance policies.

On November 4, 2016, Ezekiel Bound was a passenger in a Ford F250 pick-up truck owned and operated by Tyler M. Parker ("Parker") when Parker suddenly lost control of his vehicle. As a consequence of the one-vehicle accident, Ezekiel Bound sustained serious injuries and was life flighted to a hospital in Morgantown, West Virginia. At the time of this accident, Ezekiel Bound was a minor living with his parents, Rex and Wendy Bound, who notified State Farm of the accident and sought assistance with their automobile insurance claims.

---

[1]  The facts are taken from the Complaint and, as they must be, are construed in the light most favorable to the plaintiffs. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

After the accident, State Farm adjusted a claim filed by Parker, the driver, who was also insured by State Farm. In September 2017, State Farm sought to obtain a release of all claims against Parker from the Bounds in exchange for his automobile insurance policy limits. This release also sought to have the Bounds release State Farm from any further claims.

Suspicious of State Farm's motives, the Bounds retained private counsel, who then negotiated a release of all claims against Parker in exchange for policy limits of $25,000.00. However, because Ezekiel Bound's injuries and damages exceeded Parker's $25,000.00 policy limit, the Bounds reserved their claims for underinsured motorists ("UIM") coverage against State Farm.

In their Complaint, the Bounds allege that, although their six policies included uninsured motorist ("UM") coverage, they did not include UIM coverage, and that State Farm never advised them of the potential for UIM coverage under their policies. Garton asserts that, although UIM coverage was offered to them, the Bounds rejected that coverage on multiple occasions.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

## B.   Procedural History

On November 2, 2018, the Bounds initiated this civil action in
the Circuit Court of Harrison County, West Virginia, seeking, among
others, a declaratory judgment that State Farm had failed to make
a commercially reasonable offer of UIM coverage (Dkt. No. 1-1 at
2). After being served, State Farm and Garton timely removed the
case to this Court on March 15, 2019, contending that diversity
jurisdiction existed because Garton had been fraudulently joined
(Dkt. No. 1). On March 22, 2019, State Farm answered the Complaint,
and Garton moved to dismiss the claims against it for failure to
state a claim (Dkt. Nos. 5, 6, 7). On April 2, 2019, the Bounds
filed a motion to stay proceedings based on their intent to file a
motion to remand (Dkt. No. 8). That motion was filed on April 8,
2019 (Dkt. No. 9) and asserts that Garton was not fraudulently
joined because their Complaint alleged three independent tort
claims against it (Dkt. No. 9).

## II. STANDARD OF REVIEW

"When an action is removed from state court, a federal
district court must determine whether it has original jurisdiction
over the plaintiff's claims." Dotson v. Elite Oil Field Servs.,

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

<u>Inc.</u>, 91 F. Supp. 3d 865, 869 (N.D. W. Va. 2015) (citation omitted). "Federal courts have original jurisdiction primarily over two types of cases, (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving diversity of citizenship under 28 U.S.C. § 1332." <u>Id.</u> "When a party seeks to remove a case based on diversity of citizenship under 28 U.S.C. § 1332, that party bears the burden of establishing 'the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.'" <u>Id.</u> (quoting 28 U.S.C. 1332(a)). "Courts should resolve any doubt "'about the propriety of removal in favor of retained state court jurisdiction.'" <u>Id.</u> (quoting <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232–33 (4th Cir. 1993)).

"The doctrine of fraudulent joinder is a narrow exception to the complete diversity requirement." <u>Id.</u> (citation omitted). "The fraudulent joinder doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction.'" <u>Grubbs v. Westfield Ins. Co.</u>, 430 F. Supp. 2d 563,

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]

566 (N.D. W. Va. 2006) (quoting <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999)).

"To prove fraudulent joinder, the removing party must show either '[t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" <u>Id.</u> (alterations in original) (quoting <u>Marshall</u>, 6 F.3d at 232). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." <u>Marshall</u>, 6 F.3d at 232-33 (citation omitted). And this "standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999). Accordingly, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." <u>Marshall</u>, 6 F.3d at 233 (citation omitted).

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

"Significantly, when ruling on a motion to remand based on fraudulent joinder, the Court cannot consider post-removal filings 'to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court.'" Dotson, 91 F. Supp. 3d at 870 (citation omitted). In other words, "[a] plaintiff cannot re-plead the complaint after removal in an attempt to divest this court of jurisdiction by hindsight." Id. (cleaned up) (citations omitted). "The Court must determine removal jurisdiction 'on the basis of the state court complaint at the time of removal, and . . . a plaintiff cannot defeat removal by amending it.'" Id. (citation omitted).

### III. DISCUSSION

**A.    The Bounds' Motion to Remand**

Whether the Court has diversity jurisdiction over this removed civil action depends on whether Garton has been fraudulently joined as a party. This analysis requires the Court to determine whether the Complaint states a viable claim against Garton that presents the possibility of relief for the Bounds. Marshall, 6 F.3d at 233. The Bounds contend that they have a possibility of relief because the Complaint alleges three independent causes of action against

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

Garton (Dkt. Nos. 9, 9-1, 13).[2] After carefully reviewing the
Complaint, the Bounds' motion, and the parties' briefs, however,
the Court concludes otherwise.

> **i.    The Bounds' Allegation That "Someone" Forged Rex and
>        Wendy Bound's Signatures Fails to State an Independent
>        Claim.**

The Bounds first assert that Garton committed an independent
tort when it allegedly forged the signatures of Rex and Wendy Bound
on various insurance coverage forms (Dkt. No. 9-1 at 5-9). This is
so, they argue, because West Virginia Code § 33-6-31d(b) requires
the applicant, not the agent, to "complete, date and sign the [UIM
coverage] forms." Id. at 8 (quotation omitted). In addition, they
contend that this forgery constitutes an independent violation of
the WVUTPA as "'an unfair or deceptive act' . . . ." Id. at 8-9, 9.
Neither argument is persuasive.

First, the Complaint does not allege that Garton forged the
signatures of Rex and Wendy Bound, but only that their signatures
"were, in fact, executed by someone other than Rex Bound or Wendy

---

[2] The Bounds do not argue that their statutory bad faith claim
alleged in Count Four of the Complaint presents an independent
cause of action against Garton (Dkt. Nos. 9, 9-1, 13), so the Court
need not address that claim here.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

Bound" (Dkt. No. 1-1 at 10) (emphasis added). Alleging that <u>someone</u> executed their signatures is far different from alleging that <u>Garton</u> executed their signatures. Perhaps recognizing this flaw, the Bounds argue that "[o]nly agents, servants and/or employees of [Garton] could have perpetrated this forgery . . . ." (Dkt. No. 9-1 at 11). But, on the instant motion, the Court is limited to the four corners of the Complaint, <u>Dotson</u>, 91 F. Supp. 3d at 870, which makes no such allegation (Dkt. No. 1-1). Moreover, the complaint does not address that any State Farm employee involved in processing the Bounds' claims could have executed these signatures.

Second, even had the Bounds specifically alleged that Garton had forged Rex and Wendy Bound's signatures, this allegation would still fall short of the favorable pleading standard required for remand. The Supreme Court of Appeals of West Virginia has long recognized that plaintiffs "'must know every essential element of [their] cause of action and must state it in the complaint.'" <u>Malone v. Potomac Highlands Airport Authority</u>, 786 S.E.2d 594, 599 (W. Va. 2015) (quoting <u>Stricklen v. Kittle</u>, 287 S.E.2d 148, 158 (W. Va. 1981)). Thus, to plead a claim for negligence based on forgery, the Bounds must allege that: (1) Garton owed the Bounds a duty to

9

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]

not forge Rex and Wendy Bound's signatures; (2) Garton breached this duty; and (3) Garton's breach proximately caused the Bounds' damages.[3] See Wheeling Park Comm'n v. Dattoli, 787 S.E.2d 546, 551 (W. Va. 2016) (reciting essential elements of negligence suit).

Here, despite contending in their brief that Garton had a duty not to forge their signatures (Dkt. No. 9-1at 7-8), the Bounds failed to allege any such duty in their Complaint (Dkt. No. 1-1). Nor did they allege any breach of such duty, or that its breach proximately caused their damages. Id.; see Dattoli, 787 S.E.2d at 551 ("No action for negligence will lie without a duty broken."). Notably, they also never alleged that any alleged forgery violated the WVUTPA (Dkt. No. 1-1).

In their Complaint, the Bounds did plead forgery in support of their claim for declaratory judgment, alleging that the forgeries were "[d]efects . . . rendering [State Farm's] offer of UIM

_____

[3] To the extent the Bounds contend that their forgery allegation also states a claim for fraud, this claim is belied by the Complaint, which reserves the right to plead a claim for fraud if they determine that the signatures are, in fact, forgeries (Dkt. No. 1-1 at 20). Moreover, "[m]ere allegations of 'fraud by hindsight' will not satisfy the [heightened pleading] requirements of Rule 9(b)." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quotation omitted).

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

coverage to the Bounds commercially unreasonable . . . ." Id. at 10. The Bounds repleaded this allegation throughout their Complaint (Dkt. No. 13 at 5-6), but this fact only realleged that the forgeries were "[d]efects . . . rendering [State Farm's] offer of UIM coverage to the Bounds commercially unreasonable . . . ." Id. at 10.

The Bounds argue that Garton surely could not have been acting within its scope of authority when it allegedly forged Rex and Wendy Bound's signatures because there is no evidence to suggest that State Farm authorized Garton to do so (Dkt. No. 13 at 4). But this fact was never alleged in the Complaint, and the Bounds cannot "re-plead the complaint after removal in an attempt to divest this court of jurisdiction by hindsight." Dotson, 91 F. Supp. 3d 865 at 870 (cleaned up) (citations omitted).

"As a general rule, '[w]here the agent is the agent of the insurer, acts within the scope of his authority, and his principal is disclosed, he is not liable to the insured either in contract or in tort.'" Benson v. Cont. Ins. Co., 120 F. Supp. 2d 593, 595 (S.D. W. Va. 2000) (second alteration in original) (citation omitted). Here, the Bounds have alleged that Garton was "at all times . . .

11

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

engaged in the business of providing insurance-related services exclusively for State Farm" and, therefore, was "at all times . . . acting as an agent of . . . State Farm" (Dkt. No. 1-1 at 4) (emphasis added). Because they never alleged that Garton as State Farm's agent, at any time acted outside its scope of authority, see generally id., the Bounds' attempt to assert a viable independent claim against Garton fails.[4]

> **ii.   The Bounds' Allegation That Garton Preselected Insurance
> Coverages on Various Forms Fails to State an Independent
> Claim.**

Next, the Bounds contend that Garton committed an independent tort when it allegedly preselected insurance coverages on various forms (Dkt. No. 9-1 at 11-13). They contend this is so because the applicant, not the agent, is required to complete the insurance coverage forms. Id. at 9. This argument fails for the same reasons that their forgery allegation fails.

---

[4] Nor did they allege that Garton was acting on behalf of an undisclosed principal. See generally id. Consequently, Garton cannot be "liable in contract or tort to the [Bounds] under West Virginia law." Benson, 120 F. Supp. 2d at 595 (explaining that there was no allegation that the local insurance agent was acting outside its scope of its authority when it allegedly made misrepresentations about renewal policy).

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]

First, the Bounds allege that the preselection of coverages on various forms amounts to "[d]efects . . . rendering [State Farm's] offer of UIM coverage to the Bounds commercially unreasonable . . . ." Id. at 10. This factual allegation does not allege a duty, breach, or causation, nor does it allege that preselection is a violation of the WVUTPA. See generally id.

Second, the Bounds' allegation in their Complaint that Garton was, at all times, acting within its scope of authority as State Farm's agent belies their argument that Garton must have acted beyond its scope of authority when State Farm, or its agents, allegedly preselected insurance coverage. As already noted, they cannot replead their Complaint to defeat removal. Dotson, 91 F. Supp. 3d 865 at 870.

### iii. The Bounds' Allegation That They had a Reasonable Expectation of Insurance Coverage Fails to State an Independent Claim.

Finally, the Bounds argue that they have two separate, but related, causes of action against Garton for breach of their reasonable expectation of insurance coverage (Dkt. Nos. 9-1 at 13-16, 13 at 11-14). First, they claim that Garton created a reasonable expectation of insurance coverage because it owed them

13

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

"a duty of care in advising, preparing and procuring insurance necessary to adequately protect the [Bounds'] interests . . . and to maintain such protections" (Dkt. No. 1-1 at 13). According to the Bounds, this duty is based, in part, on "their long term insurance relationship" with Garton, which was a "special relationship." Id. Second, they claim that Garton created a reasonable expectation of insurance coverage through "representations and upon the special relationship between [them] and [Garton], developed over many years . . . ." Id. at 14.

Even when read liberally, these allegations assert only one claim for reasonable expectation of insurance coverage, based on the allegation that the Bounds and Garton had a "special relationship." Id. at 12-14, 20.[5] But even if two separate causes of action for reasonable expectation of insurance coverage could be inferred, they do not give the Bounds the possibility for relief.

---

[5] Count Three of the Bounds' Complaint also alleges that Garton's actions and omissions constitute breach of contract (Dkt. No. 1-1 at 20). But the Bounds do not defend this allegation, and it is well settled in West Virginia that "[a]n insurance agent is not a party to an insurance contract." Syl. Pt. 2, Shrewsbery v. Nat. Grange Mut. Ins. Co., 395 S.E.2d 745 (W. Va. 1990). Therefore, Garton cannot be liable for breach of contract.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

First, West Virginia "has never recognized an insurance agent's 'duty to advise' an insured about coverage nor the 'special relationship' exception that would trigger such a duty." <u>Aldridge v. Highland Ins. Co.</u>, No. 15-0658, 2016 WL 3369562, at *5 (W. Va. June 17, 2016). The Bounds, therefore, cannot state an independent cause of action against Garton for failing to advise, or for breaching a duty of care based on a "special relationship" when no such exception exists in West Virginia.

Second, although West Virginia may recognize a claim for failure to procure insurance, the Bounds never alleged in their Complaint that they specifically requested Garton to procure UIM coverage (Dkt. No. 1-1). <u>See</u> <u>Aldridge</u>, 2016 WL 3369562, at *5-6 (acknowledging the "'failure to procure' theory" and noting that "other jurisdictions have held that 'in order to bring a claim for failure to procure, there must be a request for desired coverage that was not procured'"). Tellingly, all they alleged was that Garton breached its duty of care by failing to procure sufficient insurance coverage, including UIM coverage (Dkt. No. 1-1 at 13).

Third, West Virginia has limited the doctrine of reasonable expectation to "situations in which the language of the policy was

15

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]

ambiguous" or where the "insurance agent took affirmative action or made specific statements which created a misconception regarding the coverage of the insurance policy." Hill v. John Alden Life Ins. Co., 556 F. Supp. 2d 571, 574, 574-75 (S.D. W. Va. 2008) (citation and footnote omitted). While the Bounds have alleged that the UM and UIM coverage forms were ambiguous (Dkt. No. 1-1 at 9), they have not pleaded that any reasonable expectation of UIM coverage was predicated on these ambiguities, or that such ambiguities proximately caused their damages (Dkt. No. 1-1 at 12-14, 20). See Syl. Pt. 11, Anderson v. Moulder, 394 S.E.2d 61 (W. Va. 1990) ("To be actionable, negligence must be the proximate cause of the injury complained of and must be such as might have been reasonably expected to produce an injury." (citations and quotations omitted)).

Rather, their Complaint alleges only that their reasonable expectation was based on Garton's "representations" and its "special relationship" with them (Dkt. No. 1-1 at 14). As noted above, however, West Virginia does not recognize the special relationship exception. See Aldridge, 2016 WL 3369562, at *5. Nor have the Bounds alleged any specific conduct or misrepresentations

16

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

that could have created their reasonable expectation for insurance coverage (Dkt. No. 1-1 at 12-14, 20). See Lansing v. Allstate Ins. Co., No.5:12-cv-00676, 2012 WL 1566354, at *4 (S.D. W. Va. May 2, 2012) (stating that the reasonable expectation of insurance doctrine "is generally limited to specific conduct by an agent during the application or administration process which creates some reasonable expectation of insurance coverage").

In sum, because the Bounds have no "glimmer of hope" of recovering from Garton on the claims as pleaded in their Complaint, see Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999), the Court concludes that Garton was fraudulently joined and **DISMISSES** their claims against Garton **WITHOUT PREJUDICE** for lack of subject matter jurisdiction, Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887, 896 (8th Cir. 2014) (concluding claims against fraudulently joined defendant should have been dismissed without prejudice for lack of subject matter jurisdiction).

**B.    The Bounds' Motion to Stay**

On May 2, 2019, the Bounds moved to stay this case pending a ruling on their motion to remand (Dkt. No. 8). Having denied the

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

Bounds' motion to remand, the Court **DENIES AS MOOT** their motion to stay (Dkt. No. 8).

**C.   Garton's Motion to Dismiss**

On March 22, 2019, Garton filed a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 6). Because the Court has dismissed the claims against Garton without prejudice for lack of subject matter jurisdiction, the Court **DENIES AS MOOT** Garton's motion to dismiss (Dkt. No. 6). <u>Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.</u>, 818 F.3d 193, 210 (5th Cir. 2016) (concluding district court, after denying motion for remand, should have denied fraudulently joined defendant's motion to dismiss for failure to state a claim as moot).

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** the Bounds' motion to remand (Dkt No. 9)**, DISMISSES** the claims against Garton **WITHOUT PREJUDICE**, and **DENIES AS MOOT** both the Bounds' motion to stay proceedings and Garton's motion to dismiss (Dkt Nos. 6, 8).

It is so **ORDERED.**

18

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9],
DISMISSING THE CLAIMS AGAINST DEFENDANT JENNY
GARTON INSURANCE AGENCY, INC. WITHOUT PREJUDICE, AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND DEFENDANT GARTON'S MOTION TO DISMISS [DKT. NOS. 6, 8]**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: June 11, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE